NOT FOR PUBLICATION                              (Docket No. 13)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                              :
BESSIE M. TRADER,             :
                              :
          Plaintiff,          :    Civil No. 05-4065 (RBK)
          v.                  :    **OPINION**
                              :
STATE OF NEW JERSEY, DIVISION :
OF STATE POLICE, et al.,      :
                              :
          Defendants.         :
_____:

**KUGLER**, United States District Judge:

This matter comes before the Court on motion by Defendants State of New Jersey, Division of State Police ("the Division"), and I. Ricardo Solis, Jr. ("Solis," collectively, "State Defendants"), to dismiss the claims of Plaintiff Bessie M. Trader ("Plaintiff") against them, or, in the alternative, for summary judgment. For the reasons set forth below, Defendants' motion will be granted in part and denied in part.

## I.  Background

For the purpose of deciding the present motion to dismiss, the Court will accept the factual allegations in the Complaint as true. Due to the brevity of the Complaint, the precise facts underlying Plaintiff's claims are not entirely clear. It appears that on or around September 19, 2003, Defendants issued and executed a search warrant on Plaintiff's residence, damaging her

door and possibly other property while making their entrance. Plaintiff alleges that this warrant was in error, issued against the incorrect residence without probable cause.

Plaintiff filed the above-captioned suit on August 17, 2005, against the State Defendants and the City of Camden and County of Camden, alleging violation of her Fourth, Fifth, and Fourteenth Amendment rights, negligence, and trespass. The State Defendants filed the present motion to dismiss, or in the alternative for summary judgment, on December 20, 2005, arguing that Plaintiff's claims are barred by sovereign immunity and her failure to provide the requisite notice pursuant to the New Jersey Tort Claims Act ("NJTCA").

On January 11, 2006, Plaintiff's counsel, Daniel B. Zonies, Esquire, requested an extension of time to oppose Defendants' motion, which this Court granted. On January 20, 2006, Plaintiff filed an Opposition of approximately one page, providing only a cursory response to Defendant's arguments regarding the NJTCA and ignoring all other issues raised. Despite Plaintiff's failure to adequately oppose, however, this Court must conduct the appropriate analysis under Rules 12(b)(6) and/or 56. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (citing Anchorage Assoc. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168 (3d Cir. 1990)).

**II.  Standard**

2

Dismissal under Rule 12(b)(6) is proper only if "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In re Rockefeller Ctr. Properties, Inc., Sec. Litig., 311 F.3d 198, 215 (3d Cir. 2002); Klein v. General Nutrition Co., 186 F.3d 338, 342 (3d Cir. 1999). A motion to dismiss "tests the legal sufficiency of the complaint." In re ATI Tech., Inc., Sec. Litig., 216 F. Supp. 2d 418, 427 (E.D. Pa. 2002) (citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). "The inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller, 311 F.3d at 215.

The Court must "accept all well-pleaded allegations in the complaint as true and [] draw all reasonable inferences in favor of the non-moving party." Id. at 215 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997). However, the court need not credit a plaintiff's "bald assertions" or "legal conclusions draped in the guise of factual allegations." Id.

Summary judgment, on the other hand, is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v.

3

_Catrett_, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." _Anderson v. Liberty Lobby, Inc._, 477 U.S. 242, 248 (1986).

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. _Celotex_, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. _Id._ at 331. Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." _Matsushita Elec. Indus. Co. v. Zenith Radio Corp._, 475 U.S. 574, 586 (1986).

## III.  Analysis

## A.    Plaintiff's Common Law Tort Claims

Plaintiff alleges claims of negligence and trespass against the State Defendants. However, before bringing a tort action against a public entity or a public employee, a potential plaintiff must comply with the mandatory procedure set forth in the NJTCA. N.J.S.A. 59:8-3; _Velez v. City of Jersey City_, 180

4

N.J. 284, 291 (2004). In particular, the plaintiff must submit a notice of claim to the public entity within ninety days of the accrual of the cause of action. N.J.S.A. 59:8-8.

Defendants argue that Plaintiff's negligence and trespass claims should be dismissed for Plaintiff's failure to serve a notice of claim as required by the NJTCA. In support, Defendants proffer the certification of C. Theresa Adams, the Bureau Chief for the Bureau of Risk Management for the State of New Jersey, the entity that bears responsibility for receiving and processing notices of tort claims against the State. (Adams Cert., filed Dec. 20, 2005, at ¶ 1.) Adams attests that she "conducted a thorough review of records," but that "[a]ccording to the records, no Notices of Claim against the State of New Jersey, its agencies or employees have ever been filed by plaintiff Bessie Trader concerning any injuries which allegedly arose from the allegations contained in the plaintiff's complaint." (Adams Cert., filed Dec. 20, 2005, at ¶¶ 2-3.)

Plaintiff contends that she did indeed mail the requisite notice, apparently by ordinary, rather than certified, mail. In support, Plaintiff proffers the certification of her counsel, Daniel B. Zonies, Esquire, attesting that "[o]n December 11th, 2003, my office forwarded a duly completed tort claims notice to the State of New Jersey by mailing the same to the Attorney General's Office at 25 Main Street, P.O. Box 080, Trenton, New

Jersey 08625-0080." (Zonies Cert., filed Jan. 20, 2006, at ¶ 2.)

The NJTCA permits service of notice "by delivering it to or mailing it certified mail to the office of the Attorney General or the office of the State agency allegedly involved in the action." N.J.S.A. 59:8-10. The failure to serve directly or via certified mail is not dispositive, however, and the NJTCA provides further that "[a] claim or application shall be deemed to have been presented in compliance with this section even though it is not delivered or mailed as provided in this section if it is actually received at an office of the State or local public entity within the time prescribed for presentation thereof." Id. Consequently, the notice can be effective even if sent by ordinary mail, as it was in this instance. See Guzman v. City of Perth Amboy, 214 N.J. Super. 167, 172 (App. Div. 1986).

However, the statute provides that ordinary mail is adequate only if the notice is actually received. Zois v. New Jersey Sports & Exposition Auth., 286 N.J. Super. 670, 673 (App. Div. 1996) (noting that the focus is not on whether the request was mailed, but rather on whether the defendant ever received it). If the public entity does not receive a tort claims notice dispatched by ordinary mail, the notice is not considered "presented" for the purposes of N.J.S.A. 59:8-10, regardless of whether it was actually mailed. Moreover, where a statute provides for notice by certified mail, there is no presumption of

6

receipt if the party opts to use ordinary mail. Id. (citing Hammond v. City of Paterson, 145 N.J. Super. 452, 455 (App. Div. 1976)). Instead , the plaintiff must provide some evidence that the entity did indeed receive the notice. Mittra v. University of Medicine and Dentistry of New Jersey, 316 N.J. Super. 83, 93 (App. Div. 1998).

Plaintiff has offered no such evidence suggesting that the Attorney General actually received the requisite notice. Accordingly, Plaintiff has failed to satisfy the conditions of the NJTCA and her negligence and trespass claims will be dismissed.

**B.   Plaintiff's Claims under 42 U.S.C. § 1983**

**1.   Division of State Police**

The State Defendants argue that the Eleventh Amendment mandates dismissal of Plaintiff's claims against the Division of State Police. As Defendants contend, state police departments are traditionally considered state agencies that enjoy sovereign immunity from litigation. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Jones v. State of Delaware State Police, 2006 WL 1896200 (D. Del. 2006); Durham v. United States, 9 F. Supp. 2d 503, 506 (M.D. Pa. 1998).

To determine whether an agency is an "alter ego of the state" for Eleventh Amendment purposes, courts in the Third Circuit ordinarily consider: "(1) whether the state would be

responsible for the payment of any judgment rendered against the agency; (2) the source of the agency's funding; and (3) the degree of autonomy enjoyed by the agency, as well as other similar factors." Thomas v. Pennsylvania, 375 F. Supp. 2d 406, 410 (M.D. Pa. 2005) (citing Bolden v. Southeastern Pennsylvania Transp. Auth., 953 F.2d 807, 818 (3d Cir. 1991)).

In this instance, the Division of State Police is a state agency, entitled to sovereign immunity. The state would bear the burden of any judgment against the Division, and the Division enjoys minimal autonomy as it is both established by state law and governed by administrators appointed by state executives. N.J.S.A. § 53:1-1, et seq.; see Simmerman v. Corino, 804 F. Supp. 644, 650 (D.N.J. 1992) ("Although this court does not have before it any financial information regarding funding of the State Police and DYFS, it seems beyond dispute that both entities are arms of the State.").

Plaintiff makes no argument to the contrary and does not contend that the Division is independent from the state for Eleventh Amendment purposes.    Additionally, although state actors may be sued under 42 U.S.C. § 1983, the Division is an agency and not a "person" for the purposes of the statute. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Jones v. State of Delaware State Police, 2006 WL 1896200 (D. Del. 2006). Accordingly, Plaintiff's claims against the Division of State

Police are barred by the Eleventh Amendment.

## 2. Defendant Solis

Sovereign immunity similarly precludes suits against state officials in their official capacities. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself."); Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 697 (3d Cir. 1996) (noting that suits against officers in their official capacity "to compensate a party injured in the past by the action of a state official" are barred by the Eleventh Amendment); White v. Bramble, 2006 WL 182055, *2 (D. Del. 2006). Accordingly, to the extent that Plaintiff is suing Defendant Solis in his official capacity, Plaintiff's claims are dismissed.

However, a reasonable reading of the Complaint suggests that Plaintiff is also suing Defendant Solis in his individual capacity. In particular, the Complaint alleges that "defendant I. Ricardo Solis, Jr., was an individual and an employee of the State of New Jersey, Division of State Police." (Pl. Compl. ¶ 7.) Although the Complaint does not explicitly state that Plaintiff is suing Solis as an individual, a fair construction of the Complaint suggests that this is the case. See, e.g., Ross v. Zimmerman, 1990 WL 45741 (E.D. Pa. 1990) (construing complaint as

9

suing defendants in individual capacity because although the "complaint is silent as to whether he is suing the other defendants in . . . their individual capacities, . . . [c]onstruing his claim liberally, it is arguable that they all are being sued in their individual capacities"); see also Roadcloud v. Pennsylvania Bd. of Prob. and Parole, 2006 WL 83453 (E.D. Pa. 2006) (holding same).

Where a defendant is sued in his individual capacity, "the state is not the real party in interest; the suit is therefore not barred by the Eleventh Amendment." Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990). Thus, sovereign immunity does not insulate from liability an officer sued in his individual capacity, and a plaintiff may be entitled to damages against the individual for deprivation of constitutional rights. Sample v. Diecks, 885 F.2d 1099, 1112 (3d Cir. 1989) ("When state officials are sued in their individual capacity, the eleventh amendment does not bar damage suits against them for deprivations of federal rights caused by those officials under color of state law."); see also Schever v. Rhodes, 416 U.S. 232, 238 (1974). Accordingly, because this Court will construe the Complaint as suing Solis in his individual capacity, it is clear that Plaintiff has indeed stated a claim against Solis under 42 U.S.C. § 1983.

**3.   Adequate Post-Deprivation Remedy**

The State Defendants also contend that Plaintiff's claims for property damage under 42 U.S.C. § 1983 must be dismissed because plaintiff had an adequate post-deprivation remedy available to her under the NJTCA. Without further explanation, Plaintiff responds that the availability of adequate post-deprivation remedies "requires a factual determination" and is inappropriate for adjudication at this time. (Pl. Opp'n, filed Jan. 20, 2006, at 1.)

It is well established that "the fourteenth amendment only protects against deprivations occurring 'without due process of law.'" Holman v. Hilton, 712 F.2d 854, 856 (3d Cir. 1983) (quoting Parratt v. Taylor, 451 U.S. 527, 537 (1981)). Where there exists an adequate state remedy to redress property damage inflicted by state officers, it cannot be said that "there has been any constitutional deprivation of property without due process of law within the meaning of the Fourteenth Amendment." Holman v. Hilton, 712 F.2d 854, 856 n.2 (3d Cir. 1983) (quoting Bonner v. Coughlin, 517 F.2d 1311, 1319 (7th Cir. 1975)); see also Zinermon v. Burch, 110 S. Ct. 975, 985 (1990); Parratt v. Taylor, 451 U.S. 527 (1981).

The NJTCA authorizes litigation against public entities for "injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like

11

circumstances." N.J.S.A. 59:2-2. The NJTCA thus provides an adequate post-deprivation remedy for the unauthorized deprivation of property by public employees. <u>Asquith v. Volunteers of Am.</u>, 1 F. Supp. 2d 405, 419 (D.N.J. 1998) (citing <u>Holman v. Hilton</u>, 712 F.2d 854, 857 (3d Cir. 1983)); <u>Brown v. Muhlenberg Tp.</u>, 269 F.3d 205, 214 (3d Cir. 2001) (granting summary judgment of plaintiffs' claim for deprivation of property without due process against state police who shot and killed their dog because state tort claims act provided adequate post-deprivation remedy); <u>Attama v. Crawley</u>, 1999 WL 387152 (E.D. Pa. 1999) (same); <u>Alexander v. Gennarini</u>, 144 Fed. Appx. 924, 925 (3d Cir. 2005) (noting that "state tort suit" would be an adequate post-deprivation remedy).

As provided previously, Plaintiff could have, but did not, properly pursue her claims under the New Jersey Tort Claims Act. Plaintiff has proffered no basis for concluding that she could not have obtained relief for the alleged damage to her home, had she followed the prescribed procedures of the NJTCA. Her failure to abide by the procedures set forth in the statute does not render the NJTCA an inadequate remedy. <u>Tillman v. Lebanon County Corr. Facility</u>, 221 F.3d 410, 422 (3d Cir. 2000).

Accordingly, Plaintiff's claim for deprivation of property without due process of law must be dismissed.

**C.   Punitive Damages**

Defendants also argue that Plaintiff failed to allege any

facts sufficient to demonstrate that Plaintiff is entitled to a punitive damages award. Plaintiff does not respond to these arguments in her Opposition.

Plaintiffs to § 1983 cases are entitled to damages only if they can establish that "the defendants have acted with a 'reckless or callous disregard of, or indifference to, the rights and safety of others.'" Keenan v. City of Philadelphia, 983 F.2d 459, 470-71 (3d Cir. 1992) (quoting Bennis v. Gable, 823 F.2d 723, 734 (3d Cir.1987)); Savarese v. Agriss, 883 F.2d 1194, 1205 (3d Cir. 1989) (observing that "punitive damages in general represent a limited remedy, to be reserved for special circumstances"). The standard of "callous or reckless indifference" is an objective one, inquiring "whether a reasonable officer would have known that his conduct violated a clearly established constitutional right." Russoli v. Salisbury Tp., 126 F. Supp.2d 821, 873 (M.D. Pa. 2000). A complaint's failure to allege a defendant's conduct "in terms of either knowledge of or indifference to [plaintiff's] rights" may fail to "support an award of punitive damages under § 1983." Blessing v. Lancaster County, 609 F. Supp. 485, 488 (M.D. Pa. 1985).

In this instance, Plaintiff has alleged only that "defendants caused a search warrant to be issued and executed on plaintiff's residence without probable cause." (Compl. ¶ 10.) Nothing in the Complaint suggests that the Defendants acted

callously or with reckless indifference in issuing the allegedly erroneous warrant or that Defendants' behavior was anything more than merely negligent. Accordingly, Plaintiff has failed to allege a claim for punitive damages and Plaintiff's claim for punitive damages will be dismissed.

The accompanying Order shall issue today.


Dated: 8-29-06                    s/ Robert B. Kugler
                                  ROBERT B. KUGLER
                                  United States District Judge

14